No. 161
## DEAN v. McMULLEN
Ohio Supreme Court
No. 17902. Decided Feb. 19, 1924

489. EXEMPTIONS—Agreement to waive exemptions created for the benefit of the family is void as against public policy—Husband cannot waive wife's right to claim exemption.

ALLEN, J.
### Epitomized Opinion
First Publication of this Opinion

McMullen sued Dean in Champaign Common Pleas for $950 rent due under release and prayed that certain personal property be sold and applied to the payment of her claim. Dean, by answer, denied he intended to waive his exemption rights, and his wife, by cross-petition, claimed part of this property under her exemption rights. McMullen had leased to Dean a farm for three years at the annual

## OHIO SUPREME COURT—Continued

rent of $950. The lease provded that all goods and chattels on the premises shall be held for the rent or damages under the lease, whether exempt from execution or not, intending thereby to give a valid and first lien.

Dean filed a petition in bankruptcy, claimed all his exemptions, and was adjudicated a bankrupt. The trustee set over to Dean property sought to be reached by McCullen, who had filed her proof of claim in the bankruptcy proceeding. Both the Common Pleas Court and the Court of Appeals rendered judgment for McMullen, and ordered the property sold. In reversing the judgment, the Supreme Court held:

1. "Exemptions cannot be waived by executory contract, in Ohio. This is void as being against public policy."

2. "The contract between the lessee and lessor, charging rent upon the lessee's personal property on the farm, is not superior to an exemption claim asserted by the wife of the debtor who did not join in the lease."

Attorneys—Deaton, Bodey & Bodey, for Dean; Owen, Ware & Owen, for McMullen.